Submitted on the record April 24, accused is suspended from the practice of law for two years June 26, 1997

In re Complaint as to the Conduct of
## RONALD KENT SCHAFFNER,
*Accused.*

(OSB 95-70; SC S42986)

939 P2d 39

Mary A. Cooper, Assistant Disciplinary Counsel, waived appearance for the Oregon State Bar.

No appearance *contra*.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (the Bar) asks this court to suspend Ronald Kent Schaffner (the accused) for at least two years. The Bar filed a formal complaint against the accused on July 9, 1996, and the accused personally was served with a copy of that complaint and a notice to answer on July 11, 1996. The Bar's complaint alleged three violations of the Code of Professional Responsibility: Disciplinary Rule (DR) 6-101(B) (neglecting a legal matter entrusted to a lawyer); DR 9-101(C)(4) (failing to deliver to a client any property in the lawyer's possession that the client is entitled to receive); and DR 1-103(C) (failing to respond fully and truthfully to inquiries in a disciplinary investigation).

The accused did not respond to the Bar's formal complaint. On November 8, 1996, a trial panel of the Disciplinary Board entered a Default Order, which deemed the allegations contained in the Bar's complaint to be true. Rule of Procedure (BR) 5.8(a). On February 12, 1997, the trial panel suspended the accused from the practice of law for two years. The accused did not appear before the trial panel at any time.

Because the trial panel suspended the accused for more than 60 days, this court automatically reviews that decision. BR 10.1. We granted the Bar's request to submit this matter on the record without oral argument or briefing. ORAP 11.25(3)(b). The accused has neither appeared nor filed a brief in this court.

We review lawyer disciplinary proceedings *de novo*. ORS 9.536(3); BR 10.6. The Bar has the burden of establishing disciplinary violations by clear and convincing evidence. BR 5.2. Because the accused defaulted, we deem the allegations contained in the Bar's complaint to be true. *See In re Sousa*, 323 Or 137, 140, 915 P2d 408 (1996) (so stating in a similar situation). For the reasons that follow, we find the accused guilty of all three disciplinary rule violations and conclude that a two-year suspension is the appropriate sanction.

The Bar's complaint sets forth the following facts. In October 1994, Madden retained the accused to assist her in a

real estate matter. The accused agreed to prepare a demand letter in her behalf within 10 days. However, between October 1994 and late July 1995, the accused failed to send that letter and also failed to communicate with Madden or respond to her attempts to contact him. In late July 1995, the accused promised Madden that he would send the demand letter. He did not do so, however. He also failed to take any other significant action in her case.

In January 1995, and again in October 1995, Madden asked the accused to return original documents that she had delivered to him earlier. He failed to do so. In November 1995, Madden personally demanded that the accused return those documents. The accused initially refused, but eventually returned the documents.

Also in January 1995, on the same day that the accused initially refused to return Madden's documents, Madden complained to the Bar about the accused's conduct. On three occasions, during a period of about two months, the Bar requested a response from the accused. The accused did not respond. The Bar then assigned the matter to a Local Professional Responsibility Committee (LPRC) for investigation, and the accused thereafter responded to the LPRC's request for information.

DR 6-101(B) provides that "[a] lawyer shall not neglect a legal matter entrusted to the lawyer." This court previously has stated that, "[i]f a lawyer fails to take action after being retained for legal services, that constitutes neglect, in violation of the rule." *Sousa*, 323 Or at 143. We find that, in failing to prepare and send the demand letter or take any other significant action in Madden's case, the accused violated DR 6-101(B).

DR 9-101(C)(4) provides, in part, that "[a] lawyer shall * * * promptly * * * deliver to a client as requested by the client the * * * properties in the possession of the lawyer which the client is entitled to receive." We find that, in failing to deliver Madden's documents to her promptly after repeated requests to do so, the accused violated DR 9-101(C)(4).

DR 1-103(C) provides:

"A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers, subject only to the exercise of any applicable right or privilege."

That rule requires *full* cooperation from a lawyer who is the subject of a disciplinary investigation. Partial cooperation, such as responding only when and if the matter escalates to an LPRC investigation, reduces the extent of the violation but does not absolve a lawyer from his or her obligation under the rule. *See In re Haws*, 310 Or 741, 749-51, 801 P2d 818 (1990) (a lawyer who cooperated with an LPRC after inadequately responding to the Bar's inquiries nonetheless violated DR 1-103(C)).[1] There is no evidence in the record that, in failing to respond to the Bar, the accused exercised an applicable right or privilege. Consequently, we find that, in failing to respond to the Bar's initial inquiries in its investigation of Madden's complaint, the accused violated DR 1-103(C).[2]

We now must determine the appropriate sanction. We first note that this is the second case to come before this court involving the accused. In *In re Schaffner*, 323 Or 472, 918 P2d 803 (1996) (*Schaffner I*), this court found that the accused had violated DR 6-101(B) (neglect) and 1-103(C) (failure to cooperate), resulting from misconduct that occurred in 1993 and 1994, and imposed a 120-day suspension. That earlier decision is an important part of our analysis here, particularly because it involved two of the disciplinary rules at issue in this case.

In determining the appropriate sanction, we also look to the American Bar Association's *Model Standards for Imposing Lawyer Sanctions* (1991) (ABA Standards) and

---

[1] As noted, it appears that the accused did, albeit belatedly, cooperate to some degree by responding to the LPRC. Accordingly, the Bar did not charge the accused with failure to cooperate with the LPRC.

[2] The accused's failure to appear before the trial panel never was alleged as a violation and, indeed, does not constitute a violation of a disciplinary rule. *In re Schaffner*, 323 Or 472, 477, 918 P2d 803 (1996).

Oregon case law. *In re Leonhardt*, 324 Or 498, 509, 930 P2d 844 (1997). The ABA Standards require consideration of the following factors: (1) the nature of the ethical duty violated; (2) the lawyer's mental state at the time of the violation; (3) the extent of actual or potential injury caused by the misconduct; and (4) the existence of any aggravating or mitigating factors. ABA Standard 3.0.

The ABA Standards "assume that the most important ethical duties are those obligations which a lawyer owes to *clients*." ABA Standards at 5 (emphasis in original). By neglecting a legal matter entrusted to him, the accused violated his duty of diligence owed to his client. ABA Standard 4.4. He also failed to return property, violating his duty of loyalty to his client. ABA Standards at 5. Further, by failing to respond to the Bar's initial inquiries, the accused violated his duty to the profession. ABA Standard 7.0; *In re Miles*, 324 Or 218, 221, 923 P2d 1219 (1996).

The ABA Standards define "intent" as "the conscious objective or purpose to accomplish a particular result" and "knowledge" as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result." ABA Standards at 7. We find that the accused acted with knowledge when he neglected his client's legal matter and when he failed to return her property despite repeated requests. In so finding, we note that, at the time of that misconduct, the accused was under investigation for neglecting another client's legal matter.[3] We also find that the accused acted with knowledge when he failed to cooperate fully with the Bar's investigation here.

The accused caused potential injury to his client by failing to return her original documents. Further, because the accused failed to act in his client's behalf and resisted her repeated attempts to contact him, we conclude that the client suffered actual injury in the form of anxiety and frustration.

---

[3] The clients in *Schaffner I* filed a complaint with the Bar in February 1994, and, between February and May 1994, the accused failed to respond to inquiries from the Bar and the LPRC assigned to investigate his case. The Bar filed a formal complaint in *Schaffner I* in February 1995, while the accused was representing Madden, the client involved in this case.

*See In re Arbuckle,* 308 Or 135, 140, 775 P2d 832 (1989) (concluding that injury to a client in the form of time expended, anxiety, and aggravation constitutes injury under the ABA Standards). In failing to respond to the Bar's initial inquiries, the accused also caused injury to the legal profession and to the public. *See Miles,* 324 Or at 222 (failure to cooperate harmed the profession and the public "because. [the lawyer] delayed the Bar's investigation and, consequently, the resolution of her clients' complaints").

We find the existence of several aggravating factors. Most significantly, the accused already has been disciplined by this court, within the last year, for nearly the same type of misconduct at issue here. *See* ABA Standard 9.22(a) (prior disciplinary offense is an aggravating factor); *Schaffner I,* 323 Or at 481 (court imposed a 120-day suspension upon the accused for violating DR 6-101(B) and 1-103(C)). As noted, the Bar's investigation in *Schaffner I* was well under way before the accused engaged in the misconduct at issue in this proceeding. In our view, that course of events demonstrates that the accused does not understand his ethical responsibilities as a lawyer.

Further, in light of *Schaffner I,* we find that the accused has engaged in a pattern of misconduct. ABA Standard 9.22(c). He also has committed multiple offenses, relating to his failure to respond to the Bar's initial requests for information. ABA Standard 9.22(d). In finding the existence of that aggravating factor, we note that, in determining the appropriate sanction for a knowing violation of DR 1-103(C), this court must consider both the extent of noncooperation and the number of violations that occurred. *Miles,* 324 Or at 223. Although the accused eventually responded to the LPRC's investigation, he failed to respond to three initial inquiries by the Bar, *after* the Bar already had filed a complaint against the accused for the same type of misconduct in the earlier matter. Thus, in respect of the accused's failure to cooperate fully with the Bar's investigation, a severe sanction is warranted.

Finally, the accused has substantial experience in the practice of law, having been admitted to the Bar in 1984. ABA Standard 9.22(i). No mitigating factors exist.

It is clear that a suspension is warranted in this case. ABA Standard 4.42 provides:

"Suspension is generally appropriate when:

"(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

"(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

In addition, ABA Standard 7.2 provides:

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system."

This court's case law is helpful in determining the length of suspension here. In *In re Chandler*, 306 Or 422, 428-32, 760 P2d 243 (1988), this court imposed a two-year suspension upon a lawyer found guilty of neglecting a client's legal matter, failing to return that client's property in a timely fashion, despite repeated requests, and failing to cooperate fully with the Bar and the State Lawyers Assistance Committee. That case involved similar aggravating factors as those discussed here. *Id.* at 429-30. In addition, as in this case, some of the lawyer's misconduct occurred after the Bar had initiated proceedings against that lawyer for the same type of misconduct. *Id.* at 432. *See also In re Recker*, 309 Or 633, 789 P2d 663 (1990) (court imposed a two-year suspension upon a lawyer found guilty of violating DR 6-101(B) and 1-103(C), in addition to two other violations); *Arbuckle*, 308 Or 135 (court imposed a two-year suspension upon a lawyer found guilty of violating *former* DR 9-101(B)(4), now DR 9-101(C)(4), and 1-103(C)).

Having considered all the relevant factors and case precedent, we conclude that a two-year suspension is the appropriate sanction in this case.

The accused is suspended from the practice of law for a period of two years commencing on the effective date of this decision.